

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL MERRIVAL, JR., <br> Petitioner, <br> vs. <br> BRENT FLUKE, Warden, and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, <br> Respondents. | 5:22-CV-05050-CBK <br><br> MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Petitioner is a pretrial detainee at the Mike Durfee State Prison[1]. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to attack his state court pretrial detention. Petitioner also filed an application to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his application to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is required to pay the statutory filing fee of $5.00 for this action. *See* 28 U.S.C. § 1914(a).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

## OPINION

I take judicial notice of the state court records of petitioner's cases, which are available through the Unified Judicial System's ecourts portal. Petitioner was indicted in South Dakota Circuit Court, Seventh Judicial Circuit, Pennington County, 51CRI20-001156, on March 5, 2020, and charged with grand theft. A habitual offender

---

[1] Petitioner is apparently also being held pending a state parole violation in a previous case.

information was filed charging that petitioner had three prior felony convictions. The arrest warrant was served upon petitioner June 11, 2020, and he entered an initial appearance on the indictment that date.

Petitioner was charged, initially by complaint on August 3, 2020, and later by information, with receiving a stolen vehicle, 51CRI20-003213. Finally, petitioner was charged, initially by complaint on January 20, 2021, and later by indictment, with possession of a controlled substance and possession of drug paraphernalia. A habitual offender information was also filed in each of those cases.

Soon after the grand theft charges were filed in 51CRI20-001156, on March 13, 2020, the South Dakota Supreme Court declared a judicial emergency due to the COVID-19 public health emergency. On that same day, the South Dakota Supreme Court suspended the provisions of SDCL § 23A-44-5.1, the 180-day speedy trial rule. No trial date has ever been set in petitioner's pending state court criminal cases.

Petitioner is no stranger to the South Dakota Courts. His criminal case filings began in 2000, when he was 20 years old. More recently, he was convicted of grand theft in 51CI13000859A0 and was sentenced on January 21, 2016 to ten years imprisonment. On that same date he was sentenced for grand theft in 51CRI14-003448 to five years imprisonment. In August 2016, petitioner escaped from a Rapid City minimum security work center, that is, he failed to return after a temporary leave, and was charged with escape. He was sentenced in 51CRI16-003890 on February 9, 2018, to three years imprisonment, concurrent to the sentences previously imposed in 51CI13000859A0 and 51CRI14-003448.

Petitioner was released on parole one or more time and his parole was revoked. He is accused in his three pending state court criminal files of having committed crimes while on parole, to wit, grand theft on February 10, 2019, possession of a stolen vehicle on July 31, 2020, and possession of a controlled substance and drug paraphernalia on January 20, 2021.

Petitioner was initially released on conditions in the grand theft case and later in the stolen vehicle case. He failed to appear at a status hearing on October 9, 2020, in

both cases and a bench warrant issued. Petitioner was arrested on January 20, 2020, the date he is alleged to have possessed a controlled substance and drug paraphernalia. He was released on conditions and sometime thereafter he was returned to the custody of the South Dakota Department of Corrections on a petition to revoke parole, where he now resides. He is occasionally returned from state custody to Pennington County Circuit Court for status hearings.

Petitioner filed in the grand theft case a *pro se* demand for a speedy trial on March 25, 2022. No action was taken on the motion. He attempted to file a petition for a writ of habeas corpus in state court on March 28, 2022, claiming that his Sixth Amendment right to a speedy trial is being violated. He cited my opinion in Kurtenbach v. Howell, 509 F. Supp. 3d 1145 (D.S.D. 2020), holding that South Dakota's blanket moratorium on trials violated the petitioner's Sixth Amendment right to speedy trials.

The Circuit Court refused to file the petition for a writ of habeas corpus, citing the South Dakota Supreme Court's December 9, 2019, sanction order prohibiting petitioner from filing any *pro se* document in any South Dakota Circuit Court. The Supreme Court was apparently motivated to issue the sanction order by petitioner's many "meritless and frivolous documents" filed in the Supreme Court as well as the Circuit Courts. There is no doubt that petitioner has filed volumes of *pro se* documents in all of his prior state court cases. This Court is in no position to comment on the merits of such filings. Suffice it to say that in his currently pending criminal cases, as well as his previous cases, he had difficulty with retaining counsel and often complained that counsel failed and refused to file meritorious motions on his behalf.

Excluded from the South Dakota Supreme Court's sanction order were, *inter alia*, "any application for habeas corpus so long as the judge presiding over the case first authorizes the filing as procedurally appropriate and grounded in fact and/or in law." Apparently, the Presiding Circuit Court Judge did not think petitioner's request for habeas corpus under Kurtenbach was meritorious because the judge did not file the petition, having refused to do so. Counsel for petitioner in the pending Pennington County criminal cases has also not pursued a speedy trial on petitioner's behalf.

It has long been the rule that federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971). However, petitioner has tried but failed to give the state court an opportunity to address his Sixth Amendment claim in both his pending criminal case as well as by attempting to file a habeas petition in state court. Any further attempt to exhaust his state court remedies appears to be futile.

Petitioner is entitled to proceed under 28 U.S.C. § 2241 if he is "in custody" in violation of the federal constitution. 28 U.S.C. § 2241(c)(3). Petitioner contends that he is in the custody of the Department of Corrections as a pretrial detainee. He attached copies of his parole board hearing results showing that parole has been denied based upon petitioner's "poor supervision record on previous releases." In other words, petitioner contends that his pending felony charges have resulted in the denial of parole. Even if petitioner were "released" on the detainer that was lodged with the State of South Dakota by Pennington County, it is clear that he would still be "in custody" with the state of South Dakota because of the conduct he allegedly committed while on parole – allegations he cannot purge himself from without a trial.

As I have previously held, the South Dakota Supreme Court cannot, by issuing a COVID-19 continuance of the South Dakota Speedy Trial Act's 180-day rule and moratorium on criminal trials, authorize the violation of the federal constitutional right to a speedy trial. Kurtenbach v. Howell, 509 F. Supp. at 1152. Dismissal of the petition after initial review is not warranted.

Pursuant to 28 U.S.C. § 2243, this court must either grant the petition for a writ of habeas corpus or direct the respondent to show cause why the writ should not be granted.

Good case appearing,

IT IS ORDERED:

1. The application, Doc. 2, to proceed *in forma pauperis* is granted. Petitioner shall, within 30 days, pay through the Clerk of Court in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The Clerk of Court shall serve by certified mail a copy of the petition and this order upon the respondents and upon the Pennington County States Attorney.

2. The respondents shall, on or before ten (10) days after service, show cause why the petition for a writ of habeas corpus should not be granted.

DATED this 27th day of May, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge